IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOLDEN KRUST CARIBBEAN BAKERY, INC., GOLDEN KRUST PATTIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CONRAD MCGREGOR DBA SILVER KRUST RESTAURANT AND CATERING, SILVER KRUST WEST INDIAN RESTAURANT & GRILL INC. dba SILVER KRUST, XYZ CORPORATIONS 1-50, and JOHN AND JANE DOES 1-10,<br><br>Defendant. | Civil Action No. 1:14-cv-07030-AT<br><br>**COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Golden Krust Caribbean Bakery, Inc. ("GKCB") and its wholly owned subsidiary Golden Krust Patties, Inc. ("GKP") (hereinafter and collectively "Plaintiffs" or "Golden Krust"), for their complaint against Conrad Mcgregor dba Silver Krust Restaurant & Catering ("McGregor"), Silver Krust West Indian Restaurant & Grill Inc. dba Silver Krust ("Silver Krust Inc."), XYZ CORPORATIONS 1-50, and JOHN and JANE DOES 1-10 (hereinafter and collectively "Silver Krust" or "Defendants"), state as follows:

## INTRODUCTION

Plaintiff Golden Krust has been forced to seek protection of the valuable federally registered GOLDEN KRUST® mark, with its distinctive use of K in KRUST, and its distinctive trade dress, as used at genuine franchised GOLDEN KRUST® Caribbean food restaurants. Genuine GOLDEN KRUST® stores have been among the most successful minority owned businesses in the country since the brand was first introduced in the 1990s. Without Plaintiffs' knowledge or approval, Defendants set up a competing Caribbean food restaurant that they, not coincidentally, called SILVER KRUST. They have stocked their restaurant with some

1

genuine GOLDEN KRUST® products, have used colors and trade dress that are very similar to genuine GOLDEN KRUST® restaurants, and have gradually expanded their SILVER KRUST restaurant locations so they have become closer and closer to genuine GOLDEN KRUST® restaurants. There has been actual confusion about the relationship between SILVER KRUST and GOLDEN KRUST.

When contacted about their infringement, the representative of Silver Krust readily apologized for use of SILVER KRUST.  However, Defendants subsequently failed to cease infringing use of SILVER KRUST and highly similar trade dress, despite Plaintiffs' repeated demands for cessation. Accordingly, Plaintiffs seek injunctive relief and damages against this blatant infringement of their trademarks and trade dress.

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338.

2. This Court has supplemental jurisdiction over the state-law claims asserted in this action pursuant to 28 U.S.C. §1367.

3. The court has personal jurisdiction over all Defendants because they are all domiciled within this judicial district.

4. The court has personal jurisdiction over all Defendants because they conduct substantial activities within this judicial district and the infringing activities asserted herein have occurred and are occurring within this judicial district.

## VENUE

5. Venue is proper in this Court, pursuant to 28 U.S.C. §1391, because Plaintiff's principal place of business is in this judicial district, and on information and belief, McGregor

resides in this judicial district, and Silver Krust, Inc. has its principal place of business in this judicial district and is subject to the personal jurisdiction of this Court.

6. The U.S. District Court for the Southern District of New York is also the proper venue in this suit because the cause of action arose in Bronx County, Brooklyn County, and Queens County, which are all located in the Southern District of New York.

## PARTIES

7. Golden Krust Caribbean Bakery, Inc. is a domestic business corporation organized and existing under the laws of the State of New York since at least 1988.

8. Golden Krust Patties, Inc. is a domestic business corporation organized and existing under the laws of the State of New York since at least 1993.

9. The Plaintiffs maintain a principal place of business located at 3958 Park Avenue, Bronx, NY 10457.

10. Plaintiff GKCB is engaged in the business of franchising Jamaican restaurants that conduct business as GOLDEN KRUST Caribbean Bakery & Grill.

11. Plaintiff GKCB is engaged in the business of distributing and manufacturing its products to retailers, supermarkets, club stores, distributors, and independent drivers.

12. Plaintiff GKP is the owner of various marks, both registered and unregistered, for and incorporating GOLDEN KRUST (collectively, the "GOLDEN KRUST® Marks").

13. Upon information and belief, McGregor resides in the state of New York.

14. Upon information and belief, McGregor has held himself out as doing business as SILVER KRUST RESTAURANT & CATERING and/or SILVER KRUST WEST INDIAN RESTAURANT & GRILL.

15. Upon information and belief, McGregor is the Chief Executive Officer of Silver Krust Inc.

16. Defendant McGregor is a natural person.

17. Defendants own and/or operate Caribbean style restaurants, which do business as SILVER KRUST.

18. Upon information and belief, Defendants have opened and currently operate six SILVER KRUST restaurant locations throughout Brooklyn and Queens.

19. Upon information and belief, Silver Krust Inc. was duly incorporated and began to exist under the laws of the state of New York on October 26, 2007, with a listed address of 1606 E. 55th St. 2nd Floor, Brooklyn, NY 11234.

20. Upon information and belief, Silver Krust Inc. was dissolved on July 27, 2011 because of dissolution by proclamation/annulment of authority.

21. Defendants currently run a stealth operation, as shown by the fact that they have no currently valid registered business entity and are not using a company website.

22. Upon information and belief, Defendants are all domiciled in the state of New York.

23. Upon information and belief, the true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants designated as XYZ CORPORATIONS 1-50, inclusive, and JOHN AND JANE DOES 1-10, inclusive, are unknown to Plaintiffs at this time, and Plaintiffs will seek leave of Court to amend this Complaint to state their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe and thereon allege that each of the Defendants designated by a fictitious name is legally responsible in some manner for the events and happenings and for the occurrence referred to herein below and the injuries and damages proximately caused to Plaintiffs thereby and this Complaint will be amended to allege the particulars thereof when ascertained.

**Plaintiff's Use and Registration of the GOLDEN KRUST® Marks**

24.     Plaintiff GKP is the owner of valid and subsisting federal registrations for Marks for or incorporating GOLDEN KRUST®:

| Mark | Reg. No. | Class—Goods/Services |
|---|---|---|
| **GOLDEN KRUST** | 2966992<br><br>This registration is incontestable. | Class 35—Restaurant franchising; franchising, namely consultation and assistance in business management, organization and promotion; franchising, namely, offering technical assistance in the establishment and/or operation of restaurants. |
| [Golden Krust Caribbean Bakery & Grill logo] | 2994753<br><br>This registration is incontestable. | Class 43—restaurant services featuring caribbean style foods. |
| [Golden Krust Patties Inc. logo] | 2007993<br><br>This registration is incontestable. | Class 29—food patties, namely beef, chicken, vegetable, shrimp, calalloo, soya, and meatloaf. |
| **GOLDEN KRUST PATTIES** | 2651784<br><br>This registration is incontestable. | Meat, chicken, seafood and vegetable turnovers. |
| [Golden Krust Foundation logo] | 3635023 | Class 36—Charitable fund raising services, namely, raising funds for college education costs; Providing educational scholarships. |

25.     Below, is the color version of Plaintiff's main design mark as it has been used for decades and which incorporates red lettering, the color orange, and a circular sun element:

5



26.     Orange is the primary and predominant color used in the design element of the GOLDEN KRUST® Caribbean Bakery & Grill and design Mark.

### The Golden Krust Trade Dress

27.     Plaintiffs developed and for several years have used a distinctive trade dress, which features a combination of the following elements, as shown below: (1) the words GOLDEN KRUST in red lettering; (2) an orange colored sun; and (3) a yellow colored background/awning (collectively, the "Golden Krust Trade Dress").



28.     The Golden Krust Trade Dress is owned by Plaintiff GKP and is used by authorized GOLDEN KRUST® franchisees in numerous locations in multiple states.

29.     The Golden Krust Trade Dress is non-functional and is inherently distinctive or has acquired distinctiveness based on several years of continuous use in the market and widespread consumer recognition of the Golden Krust Trade Dress as an indicator the source of Golden Krust's products and services.

///

///

**Recognition of the GOLDEN KRUST® Marks and the Golden Krust Trade Dress**

30.     Plaintiffs have expended considerable resources promoting products and services under the GOLDEN KRUST® Marks and the Golden Krust Trade Dress.

31.     Members of the public readily recognize the GOLDEN KRUST® Marks and the Golden Krust Trade Dress, including the good will they symbolize.

32.     The GOLDEN KRUST® name and mark is currently used in a chain of more than one hundred (100) restaurant and retail stores in nine (9) states, and the Golden Krust Trade Dress is used at the vast majority of these locations.

33.     The GOLDEN KRUST® Marks also are used on or in connection with products sold in over twelve thousand (12,000) supermarkets and club stores in forty-eight (48) states, and throughout military bases, penal systems, and academic institutions throughout the country.

34.     Plaintiff is recognized as the largest Caribbean franchise in North America.

**Defendants Infringing Use of SILVER KRUST and a Highly Similar Trade Dress**

35.     Defendants are utilizing a name and mark "SILVER KRUST" that infringes the distinctive federally registered GOLDEN KRUST® mark.

36.     On information and belief, Defendants have not applied to register the mark SILVER KRUST with the United States Patent and Trademark Office.

37.     Defendants are using the name and mark SILVER KRUST and a highly similar trade dress in connection with the very same type of services—namely the sale and promotion of Caribbean restaurant services and food products—as those with which Plaintiffs have long used the GOLDEN KRUST® Marks and the Golden Krust Trade Dress.

38.     Defendants use the distinctive K in misspelling KRUST, and have merely substituted GOLDEN with SILVER in coming up with Defendants' mark.

39. Defendants and Plaintiffs market and sell their products and services in overlapping channels of trade.

40. Defendants and Plaintiffs market and sell their products to the very same kinds of consumers.

41. Defendants operate restaurant locations in the very same markets and continue to encroach and expand in areas where the Plaintiff currently operates restaurants.

42. Defendants awning displays an orange sun, centered on a yellow background, with the restaurant's name written in a contrasting red font—all identical design aspects of the Golden Krust Trade Dress, as shown below:



43. Defendants sell Plaintiffs' GOLDEN KRUST® products at Defendants' Silver Krust locations.

44. Defendants sell Golden Krust's marquee product, the patty, in a brown paper bag, attempting to pass this product off as Defendants' own product.

45. Defendants' infringement of the GOLDEN KRUST® Marks and the Golden Krust Trade Dress has been willful, deliberate, and in bad faith.

46. Consumers of the parties' products have experienced actual confusion.

47. By way of example, one consumer publicly questioned whether Silver Krust restaurants are simply a "knock off" of the genuine GOLDEN KRUST® restaurants.

**Plaintiff's Knowledge of and Objection to the Use of SILVER KRUST**

48. Plaintiffs only recently became aware of Defendants' Silver Krust restaurants after Defendants' gradually encroached upon the geographic territory served by many of genuine GOLDEN KRUST® locations.

49. As a result of Defendants' progressive encroachment, Defendants' use of an infringing mark and trade dress now presents a significant danger to Plaintiffs, the GOLDEN KRUST® Marks, and the Golden Krust Trade Dress.

50. On May 7, 2014, Plaintiffs sent a cease and desist letter via certified mail, return receipt requested, and by first class mail United States Postal Service to all six SILVER KRUST locations, demanding that Defendants cease use of an infringing mark and trade dress.

51. Sean Dawkins, an agent for all Defendants named in this lawsuit, reached out to Daren Hawthorne, the Corporate Counsel for the Plaintiffs.

52. Mr. Dawkins repeatedly apologized to Mr. Hawthorne about the use of the infringing mark over the phone.

53. Mr. Dawkins admitted and recognized that the Defendants were using an infringing mark and trade dress.

54. Mr. Dawkins stated that the Plaintiffs' position regarding the infringement claims was accurate.

55. Mr. Dawkins stated that he was aware of and had a great deal of respect for Golden Krust.

56. Mr. Dawkins admitted that Golden Krust sold superior products.

57. Mr. Hawthorne left several voicemails and sent one e-mail to Mr. in regards to a missed conference call.

58. Defendants' attorney sent an e-mail to Mr. Hawthorne on June 13, 2014, to inform Mr. Hawthorne that he was retained by defendant. Counsel for Plaintiffs and Defendants have exchanged communications about this case, but Defendants have refused to comply with Plaintiffs' reasonable requests or to propose any meaningful resolution in response.

## STANDING

59. Plaintiffs first used the GOLDEN KRUST® Marks and the Golden Krust Trade Dress in commerce long prior to the date Defendants first used a name or mark incorporating SILVER KRUST or a highly similar trade dress.

60. Defendants continued use of a name or mark incorporating SILVER KRUST and and a highly similar trade is likely to cause confusion with the GOLDEN KRUST® Marks and the Golden Krust Trade Dress.

61. Defendants' use of a name or mark incorporating SILVER KRUST and a highly similar trade dress has caused or will cause harm to the Plaintiffs.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

## Lanham Act § 32, 15 U.S.C. § 1114

62. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63. Defendants' use of a name or mark incorporating SILVER KRUST has caused or is likely to cause confusion among, or to cause mistake by or to deceive, consumers of the parties' goods and services.

64. Defendants' above-described illegal actions constitute infringement of the federally registered GOLDEN KRUST® Marks in violation of Plaintiffs' rights under § 32 of the Lanham Act, 15 U.S.C. §1114.

65. Defendants have used and continue to use the infringing SILVER KRUST mark with knowledge of Plaintiffs' superior rights, but without Plaintiffs' authorization.

66. Defendants' tortious acts constitute willful and deliberate trademark infringement and are in willful and wanton disregard of Plaintiffs' established superior rights.

67. As a result of Defendants' wrongful and willful trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable damage to their business, reputation, and good will and the loss of profits that Plaintiffs would have made but for Defendants' acts, and Plaintiffs are entitled to injunctive relief as well as damages in amounts to be proven at trial, and as described and set forth in the Prayer for Relief.

## SECOND CAUSE OF ACTION

## FEDERAL TRADE DRESS INFRINGIMENT

### 15 U.S.C. § 1125(a), Lanham Act § 43(a)

68. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 67 of this complaint as if fully set forth herein.

69. Defendants' use of trade dress that is highly similar to the Golden Krust Trade, Dress is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs as to origin, sponsorship, or approval of Defendants' good and services by Plaintiffs.

70. Defendants have infringed on Plaintiffs' common law rights in the Golden Krust Trade Dress.

71.     Defendants' above-described illegal actions constitute trade dress infringement in violation of Plaintiffs' rights under §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     As a result of the Defendants' trade dress infringement, Plaintiffs have suffered and will continue to suffer irreparable damages to their business, reputation, and good will and the loss of profits that Plaintiffs would have made but for Defendants' acts.

73.     As a result of Defendants' trade dress infringement, Plaintiffs are entitled to injunctive relief and damages in amounts to be proven at trial, and as described and set forth in the Prayer for Relief.

## THIRD CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN

## 15 U.S.C. § 1125(a), Lanham Act §43(a)

74.     Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 73 of this complaint as if fully set forth herein.

75.     Defendants' use of SILVER KRUST is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs as to origin, sponsorship, or approval of Defendants' good and services by Plaintiffs.

76.     Defendants have infringed on Plaintiffs' common law rights in the GOLDEN KRUST Marks and trade names incorporating GOLDEN KRUST.

77.     Defendants' above-described illegal actions constitute unfair competition and false designation of origin in violation of Plaintiffs' rights under §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78.     As a result of the Defendants' unfair competition and false designation of origin, Plaintiffs have suffered and will continue to suffer irreparable damages to its business,

reputation, and good will and the loss of profits that Plaintiffs would have made but for Defendants' acts.

79. As a result of Defendants' unfair competition and false designation of origin, Plaintiffs are entitled to injunctive relief and damages in amounts to be proven at trial, and as described and set forth in the Prayer for Relief.

## FOURTH CAUSE OF ACTION

## FEDERAL DILUTION

## 15 U.S.C. § 1125(c)

80. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 79 of this complaint as if fully set forth herein.

81. The Plaintiffs GOLDEN KRUST® Marks are famous based on the significant duration, extent, and geographic reach of such marks in the U.S. and elsewhere.

82. Defendants' use of SILVER KRUST has created or will create an association with the famous GOLDEN KRUST® Marks that impairs the distinctiveness of those marks, and therefore constitutes dilution by blurring pursuant to 15 U.S.C. § 1125(c)(2)(b).

83. Defendants' use of SILVER KRUST has created or will create an association with the famous GOLDEN KRUST® Marks that harms the reputation of those marks, and therefore constitutes dilution by tarnishment pursuant to 15 U.S.C. § 1125(c)(2)(c).

84. As a result of Defendants' dilution of the GOLDEN KRUST® Marks, Plaintiffs have suffered and will continue to suffer irreparable damages to their business, reputation, and good will and the loss of profits that Plaintiffs would have made but for Defendant's acts.

85. As a result of Defendants' dilution of the famous GOLDEN KRUST® Marks, Plaintiffs are entitled to preliminary and permanent injunctive relief and damages in the amount to be proven at trial, and as described and set forth in the Prayer for Relief.

## FIFTH CAUSE OF ACTION

## STATE TRADEMARK AND TRADE DRESS INFRINGEMENT

### New York State Common Law

86. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87. Plaintiffs have built up valuable goodwill in the GOLDEN KRUST® Marks and the Golden Krust Trade Dress.

88. With full knowledge of the GOLDEN KRUST® Marks and the Golden Krust Trade Dress, Defendants have traded and are trading on the goodwill associated with the GOLDEN KRUST® Marks and the Golden Krust Trade Dress, and Defendants have mislead and are misleading the public into assuming a connection between the products and services of Silver Krust and those of Golden Krust.

89. Defendants' infringing use of SILVER KRUST and the trade dress that is highly similar to the Golden Krust Trade Dress on and in connection with infringing products and services is likely to cause and does cause confusion.

90. Defendants' acts of trademark and trade dress infringement are likely to cause confusion and mislead and deceive the public as to the source of Defendants' infringing products.

91. Defendants have attempted to pass off and have passed of infringing Silver Krust products and services as GOLDEN KRUST products and services.

92. Defendants' unauthorized and unlawful activities falsely suggest a connection between Defendants and Golden Krust, and will continue to do so, in violation of the common law of the State of New York.

93. Defendants' acts of trademark and trade dress infringement have caused and will continue to cause Golden Krust irreparable harm unless restrained by this Court.

94. As a result of Defendant's trademark and trade dress infringement under New York common law, Plaintiffs are entitled to preliminary and permanent injunctive relief and damages in the amount to be proven at trial, and as described and set forth in the Prayer for Relief.

## SIXTH CAUSE OF ACTION

### STATE UNFAIR COMPETITION

### New York State Common Law

95. Plaintiffs repeat and reallege paragraphs 1 through 94 of this Complaint as if fully set forth herein.

96. Golden Krust has built up valuable goodwill in the GOLDEN KRUST® Marks and the distinctive appearance of the Golden Krust Trade Dress.

97. Defendants' use of names and marks incorporating SILVER KRUST and trade dress highly similar to the Golden Krust Trade Dress is likely to cause confusion.

98. Defendants' acts also constitute palming off, as Defendants are offering and selling infringing goods and services under a mark and trade dress that infringe the rights of Golden Krust, all to the detriment of Golden Krust and the unjust enrichment of Defendants.

99. Upon information and belief, Defendants, with full knowledge of Plaintiffs' prior use of the GOLDEN KRUST® Marks and the Golden Krust Trade Dress, intended to, and did, trade on the goodwill associated with the GOLDEN KRUST® Marks and the Golden Krust

Trade Dress and have misled and will continue to mislead the public into assuming a connection between Golden Krust and Defendants by Defendants' marketing, sale and/or distribution of infringing products and services.

100. Defendants' unauthorized use of GOLDEN KRUST® Marks and the Golden Krust Trade Dress has caused, and is likely to continue to cause harm to Golden Krust and the good will associated with Golden Krust and its genuine goods and services.

101. Defendants' unlawful acts, as described above, are likely to cause and have caused confusion, and which mislead and deceive the public as to the source of Defendants goods, and which constitute palming off, constitute acts of unfair competition in violation of the laws of the State of New York.

102. Defendants' acts have caused and will continue to cause Golden Krust irreparable harm unless enjoined by this Court.

103. As a result of Defendants' unfair competition, Plaintiffs are entitled to preliminary and permanent injunctive relief and damages in the amount to be proven at trial, and as described and set forth in the Prayer for Relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK TRADEMARK DILUTION
### New York General Business Law §360(1)

104. Plaintiffs repeat and reallege paragraphs 1 through 103 of this Complaint as if fully set forth herein.

105. Defendants' acts have caused injury to the business reputation of Golden Krust in violation of New York General Business Law § 360-1.

106. Defendants' acts have diluted the distinctive quality of the GOLDEN KRUST® Marks and the Golden Krust trade dress in violation of New York General Business Law § 360(1).

107. Defendants' acts will continue to tarnish and otherwise harm the value of the GOLDEN KRUST® Marks and the Golden Krust Trade Dress, unless enjoined by this Court.

108. As a result of Defendants' dilution of Plaintiffs trademark rights under New York law, Plaintiffs are entitled to preliminary and permanent injunctive relief and damages in the amount to be proven at trial, and as described and set forth in the Prayer for Relief.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DECEPTIVE ACTS AND PRACTICES

### New York General Business Law §349

109. Plaintiffs repeat and reallege paragraphs 1 through 108 of this Complaint as if fully set forth herein.

110. Defendants, without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in the GOLDEN KRUST® Marks and Golden Krust Trade Dress, have adopted and used infringing names, marks, and trade dress and thereby engaged in deceptive acts in violation of New York General Business law 349-1.

111. Defendants have manufactured, advertised, distributed, offered for sale and/or sold infringing products and services to the consuming public in direct competition with the GOLDEN KRUST® products and services.

112. Defendants' use of copies or simulations of the GOLDEN KRUST® Marks and the Golden Krust Trade Dress is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants infringing products.

113. Defendants' acts are likely to deceive the public into mistakenly believing the infringing products and services being sold by Defendants originate from, are associated with, or are otherwise authorized by Golden Krust.

114. Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

115. Golden Krusthas no adequate remedy at law, and iIf Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputations.

116. As a result of Defendants' unlawful and deceptive acts and practices under New York Law, Plaintiffs are entitled to preliminary and permanent injunctive relief and damages in the amount to be proven at trial, and as described and set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

1. A declaration that Defendants have willfully infringed and diluted the GOLDEN KRUST® Marks and have engaged in unfair competition, false designation of origin, trade dress infringement, trademark infringement, dilution, and unlawful deceptive acts and practices.

2. An order enjoining Defendants from making further unauthorized uses of SILVER KRUST, or any other name or mark likely to cause confusion with or to dilute the GOLDEN KRUST® Marks or any other mark registered or owned by the Plaintiff.

3. An order requiring destruction or removal of all infringing or dilutive uses of SILVER KRUST on or in relation to the Defendants' products and services, websites, marketing, and other publications or materials.

4. An order requiring Defendants to cease all use and never again make use of trade dress that is likely to cause confusion with the Golden Krust Trade Dress.

5. An order requiring Defendants to pay for and/or engage in appropriate corrective advertising, or otherwise an award to Plaintiffs for the costs of such corrective advertising.

6. An accounting of all of Defendants' profits associated with the infringement.

7. An award of damages, including but not limited to the following:

   a. Defendants' profits associated with its wrongful acts;

   b. Damages sustained by Plaintiffs as a result of Defendants' wrongful acts;

   c. An appropriate amount of corrective advertisement damages

   d. Treble damages as a result of Defendants' intentional and bad faith use of the infringing SILVER KRUST mark and an infringing trade dress that is highly similar to the Golden Krust Trade Dress, as provided for under 15 U.S.C. §1117(a);

   e. Punitive damages as a result of Defendants' willful and deliberate acts.

8. An award of costs and attorneys' fees, pursuant to 15 U.S.C. §1117(a), because this is an exceptional case.

9. Such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Plaintiffs each demand a trial by jury on all issues so triable.

Respectfully submitted this 20th day of August, 2014.

        Daren L. Hawthorne, Attorney at Law

        By:_____
        Daren L. Hawthorne (DH1082)
        Golden Krust Caribbean Bakery, Inc.
        Corporate Counsel

        3958 Park Avenue
        Bronx, NY 10457
        Telephone: (718) 655-7878 ext. 7139
        Fascimile: (718) 583-1883
        E-mail: Daren@goldenkrustbakery.com